**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERNESTO TRASLAVINA,

Defendant - Appellant.

No. 25-4735

D.C. No.
2:87-cr-00166-APG-LRL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted April 22, 2026[**]

Before:    LEE, DESAI, and JOHNSTONE, Circuit Judges.

Ernesto Traslavina appeals pro se from the district court's order granting the government's motion for reconsideration of its order granting Traslavina's motion for return of property. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Traslavina filed a motion under Federal Rule of Criminal Procedure 41(g) claiming the government failed to provide adequate notice when it forfeited his residence. The district court initially ordered the return of Traslavina's property or its value. After the government sought reconsideration, however, the court reversed its order, and it denied Traslavina's subsequent motion for reconsideration. Traslavina contends the district court erred because the government's motion was untimely, brought in bad faith, and misleading. We review the denial of a Rule 41(g) motion de novo, *see United States v. Wright*, 49 F.4th 1221, 1225 (9th Cir. 2022), and the grant or denial of reconsideration for abuse of discretion, *see Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

The record does not support Traslavina's allegations. The government's failure to file a timely opposition to Traslavina's motion was due to excusable neglect, and the district court's order granting Traslavina relief was clearly erroneous in light of the evidence and authority presented by the government. *See Ordonez v. United States*, 680 F.3d 1135, 1139-40 (9th Cir. 2012) (Rule 41(g) does not authorize money damages). Under these circumstances, reconsideration was warranted. *See Sch. Dist. No. 1J*, 5 F.3d at 1263 (reconsideration is appropriate if the court committed clear error). The district court did not abuse its discretion in its treatment of the parties' motions for reconsideration. *See id.* at 1262.

**AFFIRMED.**